## R. H. Clarke, Plff. in Err., *v.* John Dill.

Where by the contract of sale of personal property the articles were to be paid for in two equal payments, at six and twelve months, respectively, to be secured by promissory notes, and the purchaser refused to give the notes as per contract,—*Held*, that the seller might treat the contract as broken and sue for damages, or elect to regard the contract as subsisting and sue for the instalments as they became due; and hence that where he elected the latter course, a judgment recovered by him in a suit for the first instalment was not a bar to a subsequent suit for the second instalment.

(Argued October 7, 1887. Decided October 25, 1887.)

October Term, 1887, No. 107, before GORDON, Ch. J., PAX-

NOTE.—Claims incapable of severance cannot be sued for in parts, and a judgment as to one portion will bar a subsequent action for another portion. Hill v. Joy, 149 Pa. 243, 24 Atl. 293; Buck v. Wilson, 113 Pa. 423, 6 Atl. 97; Alcott v. Hugus, 105 Pa. 350; Eisenhower v. School District, 13 Pa. Super. Ct. 51. But the rule is otherwise where the claim is severable. Killion v. Wright, 34 Pa. 91; Poor District v. Poor District, 109 Pa. 579; Susquehanna Mut. F. Ins. Co. v. Mardorf, 152 Pa. 22, 25 Atl. 234.

son, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas of Westmoreland County to review a judgment in favor of plaintiff in an action of assumpsit. Affirmed.

The plaintiff filed with his *narr.* in assumpsit an affidavit of claim in which he alleged that on or about June 29, 1883, the defendant purchased from the plaintiff certain goods, for which he agreed to pay $350, to wit: $175 in six months after the goods were delivered, and $175 in one year after the same date, with interest, and to give his notes to secure the payment thereof; and that the defendant had neglected and refused to pay the second instalment.

The defendant pleaded as a former recovery a judgment obtained by the present plaintiff against this defendant at February term, 1884; and that the contract was entire and indivisible, and that no second action could be maintained on the same.

It appeared by the record of the former judgment that it was for the first instalment of $175.

The facts of the case are as follows:

The plaintiff resided in Petrolia, Butler county, and the defendant was a resident of Mt. Pleasant, Westmoreland county, Pa. About the last of June, 1883, defendant visited Petrolia, Butler county, Pa., having learned that the plaintiff had certain billiard tables that he wished to dispose of; but the plaintiff being absent and not returning until the train was about to leave, there was not sufficient time to enable the defendant to inspect the articles. On or about July 6, 1883, plaintiff came to Mt. Pleasant, defendant's residence, and there a bargain was made, by which the defendant agreed to pay plaintiff $350 in one year from the delivery of the articles by rail at Mt. Pleasant, freight charges paid, and to be of the quality agreed upon; and if upon inspection they were of the quality agreed upon, the defendant was to give the plaintiff his note, payable in one year, for $350, as above stated.

The defendant alleged that the deficiency in the articles amounted to about $136; and further alleged that before he could inspect them he was obliged to pay the freight, amounting to about $16; and that, not finding them to be of the quality bargained for, he had offered by letter to return them; and that he was now and had at all times been ready to return the articles to the plaintiff if he should so order and direct.

On the other hand the plaintiff alleged in his affidavit of claim, and proved, by the deposition of one witness taken in Petrolia, that the contract was completed in Petrolia about the last of June, 1883; that the price of the articles sold was $350, to be paid in two payments of $175 each; and that the defendant was to give two notes of $175 each; and that the reason that they were not then and there given was that the defendant had not then time, as he had to go away on the train; but told the plaintiff that he would sign and deliver any kind of a note upon receipt of the tables. The plaintiff also proved by the deposition of another witness taken in Petrolia, that the plaintiff sold the defendant three billiard tables and outfits for the price of $350; that the contract was made in Petrolia about the last of June, 1883, and defendant agreed to give two notes, with interest from date, for the payment thereof; that the notes were not given at that time because the defendant was in a hurry to catch the train for home; and the plaintiff further proved by his own testimony that he had two notes drawn up in accordance with the alleged contract made in Petrolia and forwarded them by messenger to defendant at Mt. Pleasant, but defendant refused to sign said notes.

The defendant admitted that the notes were sent to him for his signature, and that he refused to sign them because the goods were not of the quality he bargained for, and because there were two notes payable in six and twelve months, with interest; whereas, he said the contract was for one note, payable at the end of one year, without interest. The defendant also stated that he did not know the witnesses the plaintiff had produced against him and that he had never seen them, and that the contract was made in Mt. Pleasant on July —, 1883, when the plaintiff was there, and proved by a hotel keeper and his register that the plaintiff registered at his hotel at that date in Mt. Pleasant; and also proved by a clerk in the employ of the defendant that the bargain was made as stated by defendant, he being present and having heard the bargain made in Mt. Pleasant.

These issues of fact having been disposed of on the first trial, the only question raised in this action was on the bar of the former recovery, the defendant alleging that whether the contract was as maintained by the plaintiff or by the defendant, it was an entire contract and not a divisible one, and the former recovery, as pleaded, a bar.

The plaintiff submitted, *inter alia,* the following point, which was affirmed by the court:

"We instruct you that the previous action at No. 354, February Term, 1884, was no bar to a recovery in the present case, which is brought for the second payment due under said contract."1

The defendant submitted, *inter alia,* the following point, which was refused by the court:

"Whether the version of the plaintiff or that of the defendant be true, the contract was an entire contract; and the former action at No. 354, February Term, 1884, is a bar to any recovery in the present action, the same having been pleaded in bar of this action." 2

The jury returned a verdict for plaintiff for $175 and interest; and judgment having been entered thereon, defendant took this writ, assigning as error: (1) The affirmance of plaintiff's point, and (2) the refusal of defendant's point, as above stated.

*Laird & Keenan,* for plaintiff in error.—When the defendant refused to give the notes stipulated, the whole $350 became due and payable, and if plaintiff brought an action he was bound to include in it his whole claim and could not split it up into two several suits. Bouvier, Law Dict., title, *Contract.*

"Entire contracts are those, the consideration of which is entire on both sides."

"Severable contracts are those, the considerations of which are, by their terms, susceptible of apportionment or division on either side, so as to correspond to the several parts or portions of the consideration on the other side."

"An entire claim or demand, arising out of a single transaction, whether in the nature of a contract or not, cannot be divided into separate and distinct claims and the same form of action brought for each. . . . The consequence of dividing a demand in this manner is that a verdict and judgment in a suit for any part of the demand is a conclusive bar to an action for the residue. It has been decided that an action cannot be maintained to recover a sum omitted by mistake on the trial of a former cause." 2 Troubat & H. Pr. p. 78, § 1601. See also Lucesco Oil Co. v. Brewer, 66 Pa. 351; Sykes v. Gerber, 98 Pa. 183; Alcott v. Hugus, 105 Pa. 350; Buck v. Wilson, 113 Pa. 423, 6 Atl. 97.

The failure to give the notes ended all question of divisibility, and the plaintiff had no longer the option to sue for part at one time and part at another. Brown v. Foster, 51 Pa. 165.

If this is not the doctrine of the law, when would the statute of limitations be a bar to an action under such circumstances? Would it run from the date of the refusal to give the notes, or would it only commence to run from the expiration of the time when the notes would have matured, if given? This is an important question; and it appears to us to have been clearly settled that on a refusal to give the notes the whole debt became due; and if the plaintiff brought his action he must bring it for the whole claim. Rinehart v. Olwine, 5 Watts & S. 157; Shenk v. Mingle, 13 Serg. & R. 35; Girard v. Taggart, 5 Serg. & R. 19, 9 Am. Dec. 327; 2 Benjamin, Sales, 4th Am. ed. notes by Corbin, p. 983. Also, note 9.

*Moorhead & Head,* for defendant in error.—It has been unquestionably established in this court that the contract made by the parties bound Clarke to pay the purchase money, $350, in two equal instalments of $175, one payable in six months and the other in one year. The terms of the contract being thus settled we now come to the legal question raised by the defendant at the second trial, *viz.,* that the contract was in its nature entire and not severable; that it would sustain one action, and that, the plaintiff having already sued thereon and recovered a part of the contract price, such recovery was a bar to any further action.

In principle all the numerous authorities cited by plaintiff in error harmonize perfectly with the view of this case taken by defendant in error, and two of them, *viz.,* Lucesco Oil Co. v. Brewer, 66 Pa. 351; Buck v. Wilson, 113 Pa. 423, 6 Atl. 97, clearly and forcibly declare the correctness of our position, and destroy the case of the plaintiff in error.

In the case of Alcott v. Hugus, 105 Pa. 350, quoted by plaintiff in error, no support can be found for the theory of this case advanced by the learned counsel on the other side. There the contract was made in April, 1878. The buyer was to give four notes for the contract price, to mature in three, six, nine, and twelve months, respectively. The notes were not given, and in September, 1878, the seller brought suit. At that time only one instalment of the contract price had matured. But the seller did not stand on his contract and sue simply for the instalment

due, as Dill did in the case at bar; on the contrary the *narr.* filed by him distinctly counted for the entire contract price which it was averred had become due and payable by reason of the refusal of the buyer to give his notes according to contract.

The statement of claim filed was for the entire amount for which the timber was sold, and judgment had been entered by default for the whole debt.

The argument of the counsel for the plaintiff in error in that case, and the opinion of Mr. Justice TRUNKEY, clearly proved that this was the difficulty. Clay Teleph. Co. v. Root, 17 W. N. C. 200.

It is the nature of the consideration to be paid, not the nature of the thing to be performed, which determines whether the contract is entire or severable.

If the consideration be single, the contract is entire; but if the consideration be split up by the parties themselves and made payable in several sums, at different times, unquestionably the contract is a severable one. Lucesco Oil Co. v. Brewer, 66 Pa. 351.

"It is undoubtedly true, however," says Mr. Justice CLARK in Buck v. Wilson, 113 Pa. 423, 6 Atl. 97, "that if parties contract that a debt shall fall due and be payable in instalments, they have severed it, and distinct recoveries may be had for the several instalments or portions of the debt, according to the agreement, without involving the whole debt."

Benjamin on Sales, cited by plaintiff in error, is an authority directly in point, and establishes the principle that where the buyer violates the contract of sale, as by refusing to give notes or security according to contract, the seller has the option of standing on the contract and enforcing it by suing for the contract price, or of deeming it rescinded by the buyer and recovering damages for its breach. See also Girard v. Taggart, 5 Serg. & R. 19, 9 Am. Dec. 327; and Shenk v. Mingle, 13 Serg. & R. 35.

PER CURIAM:

By the contract between the contestant parties the tables were to be paid for in two payments of $175 each, at six and twelve months, and to be secured by promissory notes. When the defendant refused to give the notes, as per contract, the plaintiff had either of two remedies,—he might treat the contract as brok-

en and sue for damages, or, on the other hand, he might elect to regard the contract as subsisting and sue for the instalments as they became due. He chose the latter alternative, and the court below did only what was just and lawful in sustaining his contention.

The judgment is affirmed.